UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH WHITE, | ) | CASE NO.  4:11cv259 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| SKY BANK/HUNTINGTON | ) | |
| NATIONAL BANK, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Kenneth White filed this action under the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, against Sky Bank/Huntington National Bank and Ryan Howard, a bank employee.[1] He alleges that on September 28, 2007 and July 26, 2008, Defendant Howard provided fraudulent information on bank documents related to three loans. Plaintiff requests damages in the amount of $75,000,000.00 and a permanent injunction enjoining the Defendant from performing certain acts in the future.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* for lack of subject matter jurisdiction if the complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

---

[1] Plaintiff also asserts that he has brought this action pursuant to 18 U.S.C. § 1014, "which makes it a federal crime to make false financial statements or overvalue property pursuant to a loan or loan extension application with a federally insured bank for the purpose of influencing the bank's decision as to such loan or loan extension." *United States v. Davis*, 231 F. Supp.2d 701, 703 (S.D. Ohio 2002). First, the general rule of criminal statutes is that they are not enforceable by private citizens. *Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys of Am., Inc.*, 481 F.2d 90 (6th Cir. 1973) (noting that the general rule is that criminal statutes are enforceable only by the federal government, and that the few exceptions that do exist to that rule are cases in which the private citizens who are able to enforce the statute are those clearly intended to be protected by it.) Even if this criminal statute were enforceable by a private citizen (which it is not), the statute, by its plain language, intends to protect the financial institution or loan grantor from false statements, not the applicant for a loan.

discussion."*Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," but it must contain more than "and unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006*)*(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is **DISMISSED**.

The Complaint consists of a conclusory statement that Defendant Ryan Howard, who Plaintiff alleges is an employee of Defendant Huntington National Bank, provided fraudulent information on loan documents related to three loans. No facts are presented showing exactly how fraud occurred or of what it consisted.

Defendants are entitled to know pertinent facts in order to determine what information is allegedly fraudulent. Moreover, Plaintiff must "provide factual allegations from which a court may plausibly infer a cause of action." *Gross v. Nationwide Credit, Inc*, No. 1:10cv738, 2011 WL 379167 * 3 (S.D. Ohio, Feb. 2, 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Iqbal*, 129 S. Ct. 1937). Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them. *Id.* at 1278. To do so would be to require district courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [ ... and to] transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Legal conclusions alone are not

sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Further, Plaintiff seeks monetary damages based on the alleged violations of TILA. In *Golliday v. First Direct Mortg. Co., Inc.*, No. 1:09cv526, 2009 WL 5216141 at * 4 (W.D. Mich., Dec. 29, 2009), the court held that in addition to determining whether a complaint is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss a TILA action on the basis of the running of the statute of limitations, when this defect is apparent on the face of the complaint. An action under TILA must be filed within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff states that the alleged fraudulent conduct occurred in September 2007 and July 2008. The Complaint was filed on February 4, 2011, well after the one year time limitation.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 12, 2011

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**